IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KIMBERLY STOKES, on behalf of herself and other persons similarly situated, known and unknown, | )<br>)<br>)  Case No.<br>) |
| Plaintiff, | )  Judge<br>) |
| v. | )  Magistrate Judge<br>) |
| CONSOLIDATED WINGS INVESTMENT, LLC, d/b/a Buffalo Wild Wings | )<br>)  JURY DEMANDED<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Kimberly Stokes, on behalf of herself and other persons similarly situated, known and unknown, through her attorneys, and for her Complaint against Defendant Consolidated Wings Investment, LLC d/b/a Buffalo Wild Wings, states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.  This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for Defendant's failure to pay Plaintiff and other similarly-situated, tipped employees all earned minimum wages.

2.  Defendant owns and operates approximately 16 franchised Buffalo Wild Wings restaurants, including locations in Indiana.

3.  Defendant has a policy and practice of paying servers and bartenders sub-minimum hourly wages under the tip-credit provisions of the FLSA ("Tip-Credit Employees").

4. Under the tip-credit provisions of the FLSA, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations. But an employer is not permitted to take a tip credit against its minimum wage obligations in any of the following circumstances: (1) when it requires its tipped employees to return a portion of their tips to the employer; (2) when it requires its tipped employees to perform non-tipped work that is *unrelated* to the employees' tipped occupation (i.e., "dual jobs"); or (3) when it requires its tipped employees to perform non-tipped work that, although *related* to the employees' tipped occupation, exceeds 20 percent of the employees' time worked during a workweek. *See, e.g., Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (Posner, J.) (explaining that when tipped employees perform "non-tipped duties" that "are *unrelated* to their tipped duties . . . such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work") (emphasis added); *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing *related* but nontipped duties should be paid at the full minimum wage for that time"), *Bernal v. Vankar Enter., Inc.*, 579 F. Supp. 2d 804, 810 (W.D. Tex. 2008) (defendant not permitted to take the FLSA tip credit when it took plaintiffs' tips to pay for shortages and unpaid tabs).

5. Defendant has a policy and practice of paying its Tip-Credit Employees sub-minimum, tip-credit wages even though it requires them to pay Defendant from their tips for customer walkouts and cash drawer shortages.

6. Defendant's policy and practice of requiring its Tip-Credit Employees to reimburse it for customer walk-outs and cash drawer shortages violates the FLSA.

7. Defendant also has a policy and practice of paying its Tip-Credit Employees sub-minimum, tip-credit wages even when it requires those employees to perform non-tipped work that is *unrelated* to their tipped occupation (i.e., "dual jobs"), such as: sweeping, mopping, vacuuming, and deck brushing restaurant floors; washing glasses or silverware; slicing fruit; cleaning the restaurant; and rolling silverware.

8. Defendant also has a policy and practice of requiring Tip-Credit Employees to perform this non-tipped work for more than 20 percent of their time worked each workweek.

9. Defendant's policy and practice of requiring its Tip-Credit Employees to perform non-tipped work while paying them sub-minimum, tip-credit wages violates the FLSA.

**JURISDICTION AND VENUE**

10. This Court has federal question jurisdiction over Plaintiff's FLSA claims, which arise under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

11. Venue is proper in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district. 28 U.S.C. § 1391.

**THE PARTIES**

12. Defendant is a Delaware corporation.

13. Defendant operates Buffalo Wild Wings restaurants in Indiana, including at 6129 Crawfordsville Road, Speedway, Indiana 46224.

14. Plaintiff is a citizen of the State of Indiana and resides in and is domiciled in this judicial district.

15. Defendant employed Plaintiff as a server and bartender at its Buffalo Wild Wings restaurant located in Speedway, Indiana, between approximately August 2008 and February 2014.

16. Defendant paid Plaintiff for straight-time hours (i.e., 40 or fewer hours each week) at a sub-minimum, tip-credit wage to work as a server and bartender at Defendant's Buffalo Wild Wings restaurant.

17. While paying her at the sub-minimum, tip-credit wage to work as a server, Defendant required Plaintiff to reimburse it from her tips on two occasions in the last three years when customers walked out of the restaurant without paying for their meals.

18. While paying her at the sub-minimum, tip-credit wage to work as a bartender, Defendant required Plaintiff to reimburse it from her tips on two occasions in the last three years when the bar cash drawer had a cash shortage.

19. While paying her at the sub-minimum, tip-credit wage, Defendant required Plaintiff to spend over 20 percent of her work time in individual workweeks as a server and bartender performing *related* non-tipped work, and required her to perform *unrelated* non-tipped duties that had no customer interaction and that did not generate tips. Below are non-exhaustive examples of these duties:

Server job duties:

- Washing silverware in the kitchen dishwasher;
- Rolling clean silverware, which required placing a knife and fork in a paper napkin, rolling the utensils in the napkin, and placing an adhesive tab on the end of the rolled napkin to keep it from unrolling;
- Cleaning and restocking table caddies with salt and pepper, ketchup, and wet napkins;
- Sweeping and mopping restaurant floors;

- Filling "sani" buckets in the back of the house;
- Brewing iced tea in the back of the house;
- Removing full trash bags and relining the garbage cans with new trash bags;
- Screwing the nozzles into the soda machines in the morning or unscrewing the nozzles at night and soaking them in soda water and cleaning the soda machines;
- Removing chairs from on top of tables and placing them underneath in the morning or placing them on top of tables at night;
- Putting out floor rugs in the morning or rolling them up at night;
- Dusting televisions;
- Cleaning video games;
- Cleaning garbage cans;

Bartender job duties:

- Removing chairs from on top of tables and placing them underneath in the morning or placing them on top of tables at night;
- Slicing lemons, limes, and oranges for the entire restaurant;
- Filling buckets with ice from the back of the house and emptying them into the ice bin in the bar;
- Restocking the beer cooler, including organizing kegs;
- Cleaning the glass doors on the beer cooler;
- Cleaning the beer drain;

5

- Sweeping, deck scrubbing, and mopping the floor behind the bar;
- Deck scrubbing the floor in the beer cooler with a long-handled brush;
- Running dirty glassware through the dishwasher for the entire restaurant and restocking it;
- Taking the garbage to the back door of the restaurant;
- Cleaning the garbage can;
- Cleaning the beer chillers; and
- Cleaning the liquor bottles and shelves where the bottles rest.

**COMMON FACTUAL ALLEGATIONS**

20. Buffalo Wild Wings restaurants, including those owned and operated by Defendant, operate as a chain concept, so that customers can obtain essentially the same food and drink items and experience the same customer service at all Buffalo Wild Wings restaurants.

21. Defendant trains its Buffalo Wild Wings employees, including Tip-Credit Employees and store managers, to perform the same, or essentially the same, job duties regardless of the location where they are assigned to work.

22. During Plaintiff's employment with Defendant, Defendant's various Buffalo Wild Wings locations shared managers. That is, the same managers worked at multiple store locations at different times.

23. Defendant requires its Tip-Credit Employees to perform non-tipped work each shift in addition to serving customers.

24. During Plaintiff's employment, Defendant maintained checklists for servers and bartenders that identified certain non-tipped duties servers and bartenders were required to perform. The checklists covered opening, closing, and cleaning duties for servers and bartenders.

25. During Plaintiff's employment, managers verified that servers and bartenders performed the non-tipped work covered in the checklists described in the previous paragraph.

26. When Tip-Credit Employees perform non-tipped work, they do not interact with customers and do not have the opportunity to earn tips.

27. Defendant requires its Tip-Credit Employees to perform non-tipped work before its restaurants are open to customers.

28. Defendant requires its Tip-Credit Employees to perform non-tipped work after they are finished serving customers and/or after its restaurants are closed to customers.

29. Defendant has no policies prohibiting Tip-Credit Employees from performing certain types, or excessive amounts, of non-tipped work.

30. Defendant does not record or track the amount of time Tip-Credit Employees spend performing non-tipped work.

31. Defendant uses a standard point-of-sale system to record hours worked by Tipped Employees in all of its Buffalo Wild Wings restaurants.

32. Defendant analyzes and evaluates information collected by its point-of-sale system, including labor cost information for each of its restaurants.

33. In its point-of-sale system, Defendant can create different "clock in" codes that would allow its Tip-Credit Employees to clock in at the full minimum wage rate when performing non-tipped work, while clocking in at a sub-minimum, tip-credit wage rate when serving customers.

7

34. Defendant did not allow its Tip-Credit Employees to clock in at the full minimum wage rate when performing the non-tipped work described in this Complaint, although Defendant had the capacity to do so.

### COUNT I
### Violation of the Fair Labor Standards Act – Minimum Wages
### Collective Action

35. Plaintiff realleges and incorporates the previous paragraphs of this Complaint as if fully set forth in this Count I.

36. This Count I arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., for its failure to pay minimum wages to Plaintiff and similarly situated Tip-Credit Employees.

37. Plaintiff brings this Count as a collective action under Section 16(b) of the FLSA.

38. Plaintiff's consent form to act as representative plaintiff is attached hereto as Exhibit A.

39. Defendant was Plaintiff's "employer" as defined by the FLSA. 29 U.S.C. § 203(d).

40. Plaintiff was the Defendant's "employee[s]" as defined by the FLSA. 29 U.S.C. § 203(e)(1).

41. During the entire course of her employment by Defendant, Plaintiff was not exempt from the minimum wage provisions of the FLSA.

42. Defendant is an "enterprise" as defined by Section 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

43. Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

44. Defendant's annual gross volume of sales made or business done has exceeded $500,000 in each of the last three calendar years.

45. Defendant's individual Buffalo Wild Wings restaurants are engaged in related activities performed for a common business purpose, through unified operation or common control.

46. Defendant violated the FLSA by requiring Plaintiff and similarly-situated Tip-Credit Employees to reimburse Defendant from their tips for customer walkouts and cash drawer shortages while paying them sub-minimum, tip-credit wages.

47. Defendant violated the FLSA by requiring Plaintiff and similarly-situated Tip-Credit Employees to perform non-tipped work that is *unrelated* to their tipped occupation while paying them less than minimum wage, such as sweeping, mopping, and deck-brushing restaurant floors; washing glasses or silverware; slicing fruit; cleaning the restaurant; and rolling silverware.

48. Defendant also violated the FLSA by requiring Plaintiff and similarly-situated Tip-Credit Employees to perform non-tipped work for more than twenty (20) percent of their time worked in one or more individual workweeks without paying them full minimum wage.

49. Defendant's violations of the FLSA were willful.

WHEREFORE, Plaintiff, on behalf of herself and similarly-situated Tip-Credit Employees, pray for judgment against Defendant as follows:

    A.    judgment in the amount of the owed minimum wages for all time worked by Plaintiff and similarly-situated Tip-Credit Employees;

    B.    liquidated damages in an amount equal to the amount of unpaid minimum wages;

    C.    reasonable attorneys' fees and costs incurred in prosecuting this action; and

    D.    such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

Dated: December 8, 2015

                                          Respectfully submitted,

                                          s/Douglas M. Werman_____
                                          One of the Attorneys for Plaintiff

Douglas M. Werman
Zachary C. Flowerree
Werman Salas P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
dwerman@flsalaw.com
zflowerree@flsalaw.com

Jamie G. Sypulski
Law Office Jamie Golden Sypulski
150 North Michigan Avenue, Suite 1000
Chicago, Illinois 60601
(312) 332-6202
jsypulski@sbcglobal.net

Attorneys for Plaintiff