UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KIMBERLY STOKES, on behalf of herself and other persons similarly situated, known and unknown, | ) ) ) ) | |
| Plaintiff, | ) ) | 1:15-cv-01932-RLY-DKL |
| vs. | ) ) ) | |
| CONSOLIDATED WINGS INVESTMENT, LLC, d/b/a BUFFALO WILD WINGS, | ) ) ) ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Kimberly Stokes, a former bartender and server at Buffalo Wild Wings, filed this putative collective action asserting that her employer failed to pay her minimum wage in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* She alleges that Defendant, Consolidated Wings Investment, LLC, paid her the reduced wage for tipped employees ($2.13 per hour) and then credited the tips she received from customers against its obligation to pay the full minimum wage ($7.25 per hour). Typically, such a practice is lawful. However, Plaintiff contends that Defendant continued taking the tip credit in circumstances when the FLSA plainly forbids it.

Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the court **DENIES** Defendant's motion.

1

## I. Background

### A. Consolidated Wings Investment

Defendant owns and operates franchised Buffalo Wild Wings restaurants in Indiana, including one at 6129 Crawfordsville Road, Speedway, Indiana 46224. (Filing No. 1, Complaint ¶¶ 2, 13). Defendant compensates its servers and bartenders pursuant to the tip-credit provisions of the FLSA. (*Id.* ¶ 3). Defendant requires tipped employees to reimburse it with funds from their tips for customer walk-outs and cash drawer shortages. (*Id.* ¶ 5).

Defendant further requires its tipped employees to perform non-tipped work each shift in addition to serving customers (i.e., tipped work). (*Id.* ¶ 23). Defendant maintains checklists for servers and bartenders that identify certain non-tipped duties those employees are required to perform. (*Id.* ¶ 24). These non-tipped duties include sweeping, mopping, vacuuming, washing glasses, and rolling silverware. (*Id.* ¶ 7). Plaintiff asserts that some of the tasks were related to her tipped occupation, while some were not. (*Id.* ¶¶ 7-8). When completing these tasks, employees do not interact with customers and do not have the opportunity to earn tips. (*Id.* ¶ 26).

Servers and bartenders are paid sub-minimum, tip-credit wages while completing non-tipped work. (*Id.* ¶ 34). In other words, Defendant does not allow its tipped employees to clock in at the full minimum wage rate when performing these tasks. (*Id.*). Defendant does not track the amount of time tipped employees spend performing non-tipped work, and does not have a policy prohibiting excessive amounts of non-tipped

work. (*Id.* ¶¶ 29-30). Plaintiff alleges that Defendant requires tipped employees to spend more than twenty percent of their time each week doing non-tipped work. (*Id.* ¶ 8).

### B. Kimberly Stokes

Plaintiff worked as a server and bartender at the Speedway restaurant between approximately August 2008 and February 2014. (*Id.* ¶ 15). Defendant paid Plaintiff at a sub-minimum, tip-credit wage. (*Id.* ¶ 16). While Plaintiff was working as a server, Defendant required her to reimburse it from her tips on two occasions in the last three years when customers left the restaurant without paying for their meals. (*Id.* ¶ 17). While Plaintiff was working as a bartender, Defendant required her to reimburse it from her tips on two occasions in the last three years when the bar cash drawer had a shortage. (*Id.* ¶ 18).

Defendant also required Plaintiff to: (a) spend over twenty percent of her work time in individual workweeks as a server and bartender performing related non-tipped work, and (b) perform unrelated non-tipped work that had no customer interaction and did not generate tips. (*Id.* ¶ 19). These related and unrelated duties collectively include: cleaning garbage cans and video games, rolling clean silverware, filling "sani" buckets, slicing lemons, sweeping, mopping, brewing iced tea, and restocking the beer cooler. (*Id.*).

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." "Dismissal is appropriate under that rule when the factual allegations in the complaint, accepted as true,

3

do not state a facially plausible claim for relief." *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III. Discussion

The FLSA requires employers to, *inter alia*, pay covered employees a minimum wage, which is currently set at $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). In the case of a "tipped employee,"[1] an employer may not have to remit that full amount though. The FLSA authorizes an employer to take a "tip credit" against its minimum wage obligation equal to the difference between the cash wage ($2.13 per hour) and the minimum wage provided that (1) it informs the employee of the tip-credit wage provisions, and (2) the employee retains all the tips she receives. 29 U.S.C. § 203(m). Put simply, employers may pay tipped employees just $2.13 per hour and then allow the employee's tips to supplement those hourly wages so that she ultimately earns at least $7.25 per hour. If an employee's tips combined with the cash wage do not add up to the minimum wage, the employer must make up the difference. *Id.*

This case arises out of a dispute regarding how to apply the tip credit to tipped employees who also perform non-tipped duties. In her Complaint, Plaintiff alleges Defendant ran afoul of the FLSA by wrongfully taking a tip credit against her wages. These alleged violations fall into three categories. First, Defendant required her to reimburse it from her tips for customer walk-outs and cash drawer shortages. Second,

---

[1] "'Tipped employee' means any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t).

Defendant required her to complete non-tipped work that was unrelated to her tipped occupation (i.e., Plaintiff was employed in a "dual job").  Third, Defendant required her to perform non-tipped work that was related to her tipped occupation for more than twenty percent of the workweek.  According to Plaintiff, by maintaining these policies and practices, Defendant disqualified itself from taking advantage of the FLSA's tip-credit provisions.  She was therefore entitled to the full minimum wage.

Defendant presents three arguments in support of its motion to dismiss the Complaint: (1) Plaintiff's claim that she occupied a dual job fails to state a claim under the FLSA; (2) Plaintiff fails to allege she received less than minimum wage for any particular work week; and (3) Plaintiff fails to allege sufficient facts regarding the overall hours she actually worked.  The court addresses each in turn.

**A.  Whether Plaintiff's dual job claim is recognized under the FLSA**

First, Defendant argues that Plaintiff's allegation that she performed unrelated duties, and thus occupied a "dual job," fails to state a claim under the FLSA.  According to Defendant, "Plaintiff's distinction between 'tipped' and 'non-tipped' duties of a server or bartender is a legal fallacy proffered to create some new cause of action not previously recognized under the law."  (Filing No. 23, Reply at 3).  This type of claim has allegedly been rejected by various federal courts both inside and outside of the Seventh Circuit.  Defendant relies heavily upon *Roberts v. Apple Sauce, Inc.*, where a fellow district court in this circuit found no support in cases or regulations for the plaintiff employee's argument that "duties like food preparation and dishwashing are those of a separate and

5

distinct non-tipped occupation that must be compensated at the minimum wage rate at all times." 945 F. Supp. 2d 995, 1001 (N.D. Ind. 2013).

The Seventh Circuit has discussed this type of claim twice since *Roberts*. In *Driver v. AppleIllinois, LLC*, the court denied a petition for interlocutory appeal from an order modifying the definition of a certified class, which was originally defined as tipped employees earning the cash wage "who performed duties unrelated to their tipped occupation for which they are not paid at the minimum wage rate." 739 F.3d 1073, 1074 (7th Cir. 2014). Despite denying the petition for appeal, the Seventh Circuit nevertheless opined that the district court's modified definition ("employees who worked as tipped employees earning a sub-minimum, tip credit wage rate") was "overinclusive because it says nothing about the tipped employees' work for which they weren't tipped." *Id.*

The district court's failure to distinguish between non-tipped work that is, and is not, related to tipped work is problematic because the U.S. Department of Labor ("DOL") does make such a distinction:

> In some situations an employee is employed in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter. In such a situation . . . no tip credit can be taken for his hours of employment in his occupation of maintenance man. Such a situation is distinguishable from that of a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses. . . . Such related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips.

29 C.F.R. § 531.56(e). The DOL also advises that when "tipped employees spend a substantial amount of time (in excess of 20 percent) performing" duties related to their tipped occupation, "no tip credit may be taken for time spent in such duties." U.S.

6

Department of Labor, *Field Operations Handbook* § 30d00(e) (June 30, 2000), www.dol.gov/whd/FOH/FOH_Ch30.pdf.

The *Driver* court summarized the DOL's regulations as follows: when "tipped employees also perform non-tipped duties . . . [that] are unrelated to their tipped duties . . . such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage" for time spent doing the unrelated work. 739 F.3d at 1075. When tipped employees spend more than twenty percent of their workday "doing non-tipped work related to [their] tipped work, (such as a waiter's setting or clearing a table that he waits on)," they are entitled to the full minimum wage for time spent doing the related work. *Id.*

Defendant dismisses the discussion in *Driver* as non-binding *dicta* because it was unrelated to the court's holding, which concerned the proper standard for petitions for interlocutory appeal in the context of class certification. Defendant is technically correct; the quoted language above is *dicta*. However, "there is *dicta*, and then there is *dicta* -- that is, not all *dicta* is created equal. Courts have long recognized in a variety of contexts that, in the absence of directly contradictory precedent, carefully considered *dicta* can have persuasive force." *Ind. Voluntary Firemen's Asso. v. Pearson*, 700 F. Supp. 421, 442 (S.D. Ind. 1988) (quotation marks omitted). The court finds that the *dicta* in *Driver* has powerful persuasive force because there is no directly contradictory precedent from the Seventh Circuit, the court's discussion was substantial and thorough, and it is supported by pertinent authority.

7

Subsequently, in *Schaefer v. Walker Bros. Enterprises*, the Seventh Circuit implicitly recognized that minimum wage claims may be brought based upon a tipped employee's performance of unrelated non-tipped duties (a dual job) and excessive related non-tipped duties. 829 F.3d 551, 2016 U.S. App. LEXIS 12985, at *4-6 (7th Cir. 2016). The employees in *Schaefer* sought review after the district court granted summary judgment for the employers, *id.* at *3, and the court's discussion of these claims centered on whether the duties identified by the employees were related or unrelated to their tipped work. *Id.* at *7-10. Defendant raises this same issue in its briefing. It makes much of Plaintiff's alleged failure to differentiate between the related and unrelated duties she completed, but whether the tasks listed in the Complaint are related or unrelated is an issue for the merits. After conducting discovery, Defendant might be able to show that all of the duties identified by Plaintiff are related to her tipped occupation, and that the time spent performing such duties was negligible. The court need not analyze this issue at the pleading stage though.

Therefore, this argument does not support dismissal of the Complaint. *See Soto v. Wings 'R Us Romeoville, Inc.*, No. 15-cv-10127, 2016 U.S. Dist. LEXIS 121223, at *15 (N.D. Ill. Sep. 8, 2016) (after discussing *Driver* and *Schaefer*, holding that the plaintiff, a server who was paid the cash wage while completing non-tipped duties such as cleaning bathrooms and washing dishes, had "stated a colorable dual-jobs claim under the FLSA").

### B. Whether Plaintiff must allege she received less than the minimum wage for a particular work week to maintain this suit

According to Defendant, an employer meets its minimum wage obligation under the FLSA as long as the employee's wages and tips exceed or equal an average of $7.25 per hour in a weekly period. Once that obligation is satisfied, all claims related to reimbursement for customer walk-outs or performing untipped duties, if they were ever viable at all, become moot. Put another way, a tipped employee who is required to pay for customer walk-outs from her tips does not have a claim under the FLSA if her compensation never falls below $7.25 per hour. In her Complaint, Plaintiff does not explicitly allege that she ever earned less than that rate in any given week. Defendant therefore maintains that dismissal is required.

The court disagrees. Defendant's argument implies that employers may willfully violate the FLSA and the DOL's regulations with impunity because a final compensation rate of $7.25 per hour functions as a panacea. As a matter of public policy, this position is simply untenable. Moreover, as this court recently explained,

> [I]n cases regarding "tipped employees," the question is not whether the employee's average hourly rate is equal to or exceeds full minimum wage; rather, the question is whether the employer is entitled to take the tip credit under §§ 203(m), (t) when determining the wage rate at which an employee should be paid.

*Knox v. Jones Grp.*, No. 1:15-cv-01738-SEB-TAB, 2016 U.S. Dist. LEXIS 110377, at *9 n.3 (S.D. Ind. Aug. 15, 2016).

Many district courts have declined to dismiss complaints brought under the FLSA on this ground. Recently, a district court in this circuit expressly rejected the defendants'

9

argument that dismissal was required because the "plaintiff fail[ed] to plead any facts to suggest that her real hourly wage was less than the applicable minimum wages in any workweek." *Volz v. Tricorp Mgmt. Co.*, No. 15-cv-0627-DRH-PMF, 2016 U.S. Dist. LEXIS 4133, at *4 (S.D. Ill. Jan. 13, 2016). In *Volz*, the plaintiff "alleged that she worked as a tipped employee, she performed untipped duties for more than twenty percent of her workweek, and that defendants claimed the tip credit for all hours worked." *Id.* at *5. The court held that this was sufficient to state a "tip-credit claim under the FLSA." *Id.* at *6. *See Hart v. Crab Addison, Inc.*, No. 13-CV-6458 CJS, 2014 U.S. Dist. LEXIS 152590, at *14 (W.D.N.Y. Oct. 27, 2014) (holding that a "pleading states a minimum wage tip-credit claim" when it "plausibly alleges that an employee in a tipped occupation also worked at an untipped dual job, or performed related untipped duties more than twenty percent of a workweek, and the employer claimed the tip credit for all hours worked"). Therefore, this argument does not support dismissal of the Complaint.

**C. Whether Plaintiff alleges sufficient facts regarding overall hours worked**

Lastly, Defendant asserts that dismissal is appropriate because Plaintiff failed to specifically allege the amount of hours she actually spent performing duties in the three categories of work. As an example, Plaintiff ostensibly should have plead that, in a typical 30-hour workweek, she spent 20 hours doing tipped work, 5 hours doing work related to her tipped duties, and 5 hours doing work unrelated to her tipped duties. In making this argument, Defendant demands a degree of specificity not required by the plausibility pleading standard. *See id.* at *15 ("[T]he Court disagrees with Defendants'

assertion that the pleading must specify the amount of time spent performing each discrete task that allegedly falls outside of the tip exception."). Rule 8(a)(2) only requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." In interpreting Rule 8, both the Supreme Court and Seventh Circuit have made clear that "[t]o survive a motion to dismiss, a complaint need not contain 'detailed factual allegations.'" *White v. Keely*, 814 F.3d 883, 888 (7th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).

At bottom, "a plaintiff must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (quotation marks omitted) (*quoted in Def. Sec. Co. v. First Mercury Ins. Co.*, 803 F.3d 327, 335 (7th Cir. 2015)). Plaintiff has done that here. In her Complaint, she: (1) alleges she worked as a tipped employee; (2) alleges she performed related, untipped duties for more than twenty percent of her workweek; (3) alleges she performed unrelated, untipped duties during her workweek; (4) provides a lengthy list of the related and unrelated duties; (5) alleges Defendant maintains checklists for servers and bartenders that identify non-tipped duties they are required to perform; (6) explains how servers and bartenders perform non-tipped work before restaurants open to customers, after they finish serving customers, and after the restaurants close; (7) alleges that Defendant claimed the tip credit for all hours worked; (8) alleges that Defendant required her to reimburse it for customer walk-outs and cash drawer shortages; (9) estimates that she had to reimburse Defendant from her

11

tips on two occasions in the last three years when customers walked out of the restaurant without paying for their meals; and (10) estimates that she had to reimburse Defendant from her tips on two occasions in the last three years when the bar cash drawer had a cash shortage.  Taken together, these allegations are sufficient to raise a plausible claim under the FLSA against Defendant.

Defendant highlights other opinions from this court that purportedly require a higher level of specificity for FLSA claims than what Plaintiff presents here.  *See White v. Classic Dining Acquisition Corp.*, No. 1:11-cv-712-JMS-MJD, 2012 U.S. Dist. LEXIS 52215 (S.D. Ind. Apr. 13, 2012); *Hofmann v. Aspen Dental Mgmt.*, No. 3:10-cv-37-SEB-WGH, 2011 U.S. Dist. LEXIS 99658 (S.D. Ind. Sep. 6, 2011).  However, to the extent this is accurate, those cases are distinguishable because the plaintiffs in *White* and *Hofmann* did not bring claims for violations of the dual job or twenty percent rules, like Plaintiff does in this case.  Moreover, those cases predate the more recent discussions of the plausibility pleading standard as applied to these types of claims by the *Volz* and *Hart* courts.  Therefore, this argument does not support dismissal of the Complaint.

## IV. Conclusion

In summary, the court holds that Plaintiff has "nudged [her] claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, and given Defendant "fair notice" of those claims.  *Reger Dev.*, 592 F.3d at 764.  That is all she was required to do at this stage in the litigation.  Therefore, Defendant's Motion to Dismiss Plaintiff's Complaint (Filing No. 18) is **DENIED**.

Both parties asked the court to consider cases that were decided after their briefs had been submitted. No objections were filed to any request. Therefore, the parties' respective motions for leave to file supplemental authority (Filing Nos. 37, 40, 41, 42, and 44) are all **GRANTED**.

**SO ORDERED** this 30th day of September 2016.

                                                                           RICHARD L. YOUNG, CHIEF JUDGE
                                                                           United States District Court
                                                                           Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.